IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                Plaintiff,

    vs.                                           CIVIL NO.   01-473 MCA/LFG

BRINK'S, INCORPORATED,

                Defendant.


## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel [Doc. 35]. Plaintiff, Equal Employment Opportunity Commission ("EEOC") moves to require a further response to Interrogatory No. 15. The Court considered the motion and documents submitted in support of EEOC's motion, together with the response in opposition and supporting documents, as well as EEOC's reply. Oral argument is not necessary.

### Background

EEOC brings this action on behalf of a current employee, Elizabeth Montoya, who is employed in Brink's Albuquerque branch office. In 1999, Ms. Montoya applied for the position of Albuquerque Assistant Branch Manager, but Mr. Derrick Moreau, who was then the District Manager for Brink's Southwest Region, selected another candidate, Mark Brock.

Ms. Montoya believed that the decision to select Mark Brock over her was based on her gender. Indeed, in her administrative complaint to the EEOC, Ms. Montoya states, "[I]t

is apparent that my gender was the reason for not promoting me as the District Manager. [Mr. Moreau] has never hired a female or promoted a female to a management position."

EEOC's complaint is narrowly drawn. It alleges that in choosing a male employee for the position of Albuquerque Assistant Branch Manager, Brink's discriminated against Ms. Montoya, also a candidate for the position, on the basis of her sex. Beyond the limited scope of the complaint, EEOC's portion of the Initial Pretrial Report ("IPTR") provides, "[I]n the Defendant's territory or region that includes Albuquerque, women have been under-represented in management positions." [Doc. 17].

During formal discovery, EEOC requested that Brink's, "Identify each current Brink's Branch Manager and Assistant Branch Manager for Brink's Incorporated's operations nationwide. Include the sex, date of hire and date of promotion(s) for each person." (Interrogatory No. 15). Thus, in its quest for information, EEOC did not limit its request for information to the branch office where the discrimination is alleged to have occurred or to the City of Albuquerque, or to the State of New Mexico, or even, for that matter, to the entire Southwest region. Instead, it requests that Brink's provide information on a nation-wide basis.

In response to the interrogatory, Brink's objected, contending, *inter alia*, that the request is overly broad and unduly burdensome, as it requested information relating to employees nationwide, including geographic areas which have no relevance to the present lawsuit. It provided EEOC with the identity of Branch Managers and Assistant Branch Managers, including the gender of those individuals for Brink's entire Southwest region.

That region has been identified as the entire State of New Mexico, the entire State of Colorado, as well as the northeast and western portions of the State of Texas.

Notwithstanding this production, EEOC argues that it is inadequate because discovery in discrimination cases is very broad, Rich v. Martin Marietta Corp., 522 F.2d 333 (10th Cir. 1975), and should be limited only by relevance and burdensomeness. EEOC further argues that Brink's has not demonstrated that providing the information sought in Interrogatory No. 15 would, indeed, be overly broad and burdensome. Continental Illinois National Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682 (D. Kan. 1991).

## Analysis

The federal rules provide for broad and liberal discovery. Nonetheless, the Court is mindful of the need to balance one party's right of discovery with an opposing party's right to be free from intrusive and burdensome discovery. Koch v. Koch Industries, Inc., 203 F.3d 1202, 1238 (10th Cir.), *cert. denied* 531 U.S. 926, 121 S. Ct. 302 (2000); Burka v. U.S. Dept. of Health and Human Services, 87 F.3d 508, 517 (D.C. Cir. 1996). In other words, discovery is not without limits. In Burka, the court appropriately stated that the decision to limit or deny discovery rests on a balancing of various factors. They include the requester's need for the information from this particular source; the relevance of the requested information to the litigation; the burden of producing the sought-after material; and the harm or difficulty which would be caused to a party seeking to protect information. Id. After consideration of the needs of the parties, a court, in the exercise of sound discretion, may deny discovery completely; limit the conditions, time, place or topics of discovery; or limit the manner in

which information may be revealed.  Id. at 518.  *See also* O'Connor's Federal Rules, Civil Trials, p. 582 (2001); Commentaries to Fed. R. Civ. P. 26.

Due to abusive, unchecked litigation practices that significantly increased the costs of litigation, congested court dockets, and contributed to delay the final disposition of litigation, Congress enacted the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*  The goals of the CJRA are to expedite the ultimate disposition of litigation and to reduce the costs.  These goals are accomplished by close judicial scrutiny of the discovery process, establishment of case management deadlines, and utilization of alternative dispute resolution procedures.

Shortly after the adoption of the CJRA, the Federal Rules of Civil Procedure were modified to dovetail with the CJRA.  Indeed, Rule 1 of the revised rules adopts the two-pronged CJRA goals as part of the Rule's purpose.  "They [civil rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

With the adoption of the revised rules of procedure, discovery has been significantly limited.  Parties may no longer take as many depositions as they unilaterally choose.  Rule 30(a)(2).  Parties may no longer serve unlimited numbers of interrogatories.  Rule 33(a).  Limits were imposed on the length of depositions.  Rule 30(d)(2).  Discovery may not be commenced unless the parties agree on early discovery or unless the court authorizes it.  Rule 26(d).  The court must now monitor, oversee and approve proposed discovery.  Rule 26(f).  Moreover, recent modifications to the rules further limit the scope of discovery.  For example, Rule 26 previously provided, "Parties may obtain discovery regarding any matter,

not privileged . . . ." The revised rule now provides, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of the any party . . . ." The Advisory Committee Notes to the Revised Rules of Civil Procedure state:

> The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.

Advisory Committee Notes, Rule 26.

It is clear from Ms. Montoya's administrative complaint with the EEOC and from the IPTR that the Plaintiff's claims in this lawsuit relate to "Defendant's territory or region that includes Albuquerque." [Doc. 17]. Brink's argues:

> Mr. Moreau was the decision-maker for the promotion in questions here, and thus, prior promotional and similar decisions made by him may possibly be relevant. There is nothing, however, to connect Mr. Moreau to Brink's promotional or staffing practices nationwide and Plaintiff suggests no such nexus.

(Response, p. 3). Moreover, Brink's argues that EEOC seeks information relating to Brink's nationwide management staff with two different titles, the duties of which may not be similar to the Assistant Branch Manager in Albuquerque sought by Ms. Montoya. Further, Brink's contends that EEOC did not limit its request to hiring decisions at or prior to the decision not to hire Ms. Montoya. To the contrary, it seeks current information without explanation of how an analysis of information on national hires in 2002 is useful in analyzing decisions made two years prior, in 1999.

Brink's brought its concerns to EEOC's attention in an attempt to resolve the dispute.

EEOC rejected Brink's request to narrow the interrogatory and insists on nationwide

information concerning the titles "Branch Manager" and "Assistant Branch Manager." In

its response to the motion, Brink's states:

> Brink's uses these titles for persons who manage "branches;"
> however, as Plaintiff has learned through discovery in this
> matter, a Brink's "branch" is not subject to easy definition.
> [Moreau Depo., pp. 32-33]. For example, Plaintiff worked at
> the Albuquerque Branch, which is considered an "Armored"
> branch, and, at relevant times, has had an Assistant Branch
> Manager and Branch Manager. [Hanno Decl., ¶ 3]. In addition
> to Armored branches, however, there are also Brink's Branches
> for Coin and Currency operations. These functions may be part
> of a larger Branch, typically Armored, or they may be entirely
> separate entities with Branch Managers and Assistant Branch
> Managers. Brink's has approximately 48 branches designated
> as "Coin," 57 designated as "Currency," and 130 designated as
> "Armored." Brink's also has "Branches" for its ATM
> (automated teller machines) and FLM (first line maintenance)
> operations, as well as for "Global Services," which is an
> organization that transports diamonds, jewelry and other such
> valuables around the world. The nature of the operations of
> each of these functions is unique, and the duties and
> responsibilities of managers in such functions are distinct in
> many ways as a result.

(Response, pp. 4-5).

Brink's' response underscores the unreasonableness of EEOC's request. Indeed,

EEOC's broad-brush approach to discovery, which constitutes overkill by a litigant,

highlights the very reason the CJRA was adopted, 28 U.S.C. § 471 *et seq.*, and why the

scope of discovery has been limited by recent amendments. The demand that an opposing

party devote untold amounts of money and time in producing information that is marginally

relevant, at best, is inappropriate and not in keeping with the new philosophy of the revised rules or of the CJRA. Circumstances like these require the Court to properly balance the parties' interests and limit discovery if the burden of production outweighs the benefits.

EEOC's claims, as identified in the pleadings, concern an alleged problem occurring at the Brink's Branch Office in Albuquerque. Brink's already provided information not only relating to this branch office, but all of its offices in New Mexico, Colorado, and the greater portions of the State of Texas. Yet, this is still deemed insufficient by EEOC.

A review of Brink's' response convinces the Court that EEOC's request is overly broad and burdensome, and that the information requested is either not relevant to EEOC's present claim or Brink's' defenses, or, at best, only marginally relevant. Moreover, the production of this information, especially when one considers the numerous kinds of branches involved, i.e., armored, coin and currency, ATM operations, global services, etc., it is overly burdensome. Thus, the marginal relevance is substantially outweighed by the burden and expense of production.

Therefore, the Court determines that the reasonable needs of EEOC do not include this nationwide examination into Brink's' operations that are not related to EEOC's present claim. *See* Fed. R. Civ. P. 26, Advisory Committee Commentary.

> [i]t is hoped that reasonable lawyers can cooperate to manage discovery without the need for judicial intervention. When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action.

7

As Brink's already provided information for its Southwest region, the Court determines that EEOC's request is overly broad and that the burden on production far outweighs any relevancy whatsoever. EEOC's motion is denied.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge